UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIZABETH GREISZ, CHARLES GREISZ,

            Plaintiff,

-vs-                                             Case No. 2:11-cv-283-FtM-36SPC

BANK OF AMERICA, N.A., UNKNOWN
DEFENDANTS,

            Defendants.
_____

**ORDER**

      This matter comes before the Court on the Plaintiffs, Elizabeth and Charles Greisz' Motion to Compel Defendant Bank of America, N.S. to Produce Documents (Doc. #51) filed on October 31, 2011. The Defendant, Bank of America, filed its Response in Opposition (Doc. # 57) on November 10, 2011. The Motion is now ripe for review.

      The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

      The Plaintiffs state the Defendant failed to comply with a subpoena because the documents the Defendant produced were "misleading, missing account numbers, missing signature cards, missing opening and closing contracts, and are not legible." The Defendant states that it produced

fifty-five (55) documents in response to the Plaintiff's request on October 21, 2011. On November 8, 2011, the Defendant supplemented that response with an additional fifty-three (53) documents related to the subpoena and the $104,432.82 that the Plaintiffs allege is missing from account number CD # 5255. The Defendant states there are no further documents in their possession that comply with the request.

Since the Defendant has provided all of the documents in its possession and control, the Court finds no cause to grant the Motion. Therefore, the Motion is due to be denied.

The Court further notes that the Plaintiffs fail to comply with the Local Rules of this Court. Pursuant to the Local Rules:

> [a] motion to compel discovery pursuant to Rule 36 or Rule 37, Fed. R. Civ. P., shall include quotation in full of each interrogatory, question on deposition, request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted.

M.D. Fla. Local Rule 3.04(a). The Plaintiffs' Motion does not contain the request, the Defendant's response, nor any argument as to why the Motion should be granted. The Plaintiff's failure to comply with the Local Rules would be fatal to the Motion to Compel even if Bank of America had not produced the requested documents .

Further, the Plaintiff failed to comply with Local Rule 3.01(g). Under the Local Rules of this District, a movant must first confer with the opposing party to determine whether or not the requested relief is opposed. The Local Rule reads in pertinent part:

> [b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.

M.D. Fla. Local Rule 3.01(g). The Plaintiffs' Motion fails to comply with this Rule. The Plaintiffs are reminded that despite their *pro se* status, it is mandatory that they participate and cooperate in discovery, comply with the deadlines established in the Court's Scheduling Order, respond properly to motions, and proceed in accordance with the Federal and Local Rules. Loren v Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that even *pro se* parties must follow procedures). Failure to do so is fatal to their motion.

Accordingly, it is now

**ORDERED:**

The Plaintiffs, Elizabeth and Charles Greisz' Motion to Compel Defendant Bank of America, N.S. to Produce Documents (Doc. #51) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of November, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record